```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
           Plaintiff,          )         4:05CR3019
                               )
     v.                        )
                               )
TERESA MARIE JONES,            )         MEMORANDUM AND ORDER
                               )
           Defendants.         )
                               )
```

The defendant Teresa Marie Jones has filed a motion to sever, filing 33. She claims severance is necessary to secure exculpatory testimony from the co-defendants, to avoid being found guilty based on the evidence attributable to the other defendants, and because the "finger-pointing" that may occur between the defendants creates a situation of irreconcilable defenses among the defendants. I shall deny the motion to sever.

Joinder of counts in an indictment is governed by Rule 8 of the Federal Rules of Criminal Procedure which provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8.

However, even when joinder is proper under Rule 8, pursuant to Rule 14 of the Federal Rules of Criminal Procedure a judge may order severance if joinder at trial will prejudice the defendant. <u>United States v. Wadena</u>, 152 F.3d 831, 849 (8th Cir. 1998). Rule 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Fed.R.Crim.P. 14.

The indictment in this case alleges that all the defendants, were involved and participated in the same illegal drug activity. "Generally, persons charged in a conspiracy should be tried together, especially when proof of the charges against the defendants is based upon the same evidence and acts." <u>United States v. Brown</u>, 331 F.3d 591, 595 (8th Cir. 2003).

> [D]efendants who are jointly indicted on similar evidence from the same or related events should normally be tried together. . . .[T]o warrant severance a defendant must show "real prejudice," that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately."

<u>United States v. Mickelson</u>, 378 F.3d 810, 817 (8th Cir. 2004)(quoting <u>United States v. Oakie</u>, 12 F.3d 1436, 1441 (8th

Cir. 1993)(citing United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir.1988)).

    A defendant can prove real prejudice to her right to a fair trial by showing that either her defense is irreconcilable with that of the co-defendants, or that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.  Mickelson, 378 F.3d at 817 (citing United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003); United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995).  However, "[s]everance is not required merely because evidence that is admissible only against some defendants may be damaging to others."  Mickelson, 378 F.3d at 817.  A motion for severance may be denied even though the defendant argues that "not every joined defendant has participated in every offense charged," or that "there is varying strength in the evidence against each defendant."  United States v. Lee, 374 F.3d 637, 646 (8th Cir. 2004)(internal citations omitted).  When such concerns are raised, "[t]he risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions."  Mickelson, 378 F.3d at 817.

    I cannot conclude that trying all the defendants in a single trial will prejudice defendant Jones.

    IT THEREFORE HEREBY IS ORDERED:  Defendant Jones' Motion to Sever, filing 33, is denied.

    DATED this 9th day of June, 2005.

                              BY THE COURT:

                            s/ *David L. Piester*
                            David L. Piester
                            United States Magistrate Judge